Joseph P. Kennedy *against* Pickering, Administrator of Jackson.

JUDGE *Lipscomb* delivered the opinion of the Court.

The Record shews a declaration in assumpsit, after which is the following entry : " Plea, payment," signed "R. H. Gilmer," and a verdict and judgment for the plaintiff.

This Court has always evinced a disposition, after a verdict, to overlook defects of form in previous proceedings. We have decided that a verdict embracing the merits, though on a defective or informal issue, should be sustained ; and that after verdict it is to be inferred that all formal defects in the pleadings had been waived.(a) Applying this

(a) *Ripley vs. Coolidge, ante, p.* 11. *Malone vs. Donnelly. ante, p.* 13.

18

*Margin notes:*

DECEMBER, 1823.

Wynn and Wife
v.
Williams.

December, 1823.

1m 137.
135 544.

1, Informal plea of payment not concluding to the country, and no replication, there is no issue.
2, Plaintiff dies pending action: Record must shew revival.
3, Defendant, by continuing on affidavit, waives prior discontinuance by operation of law.

DECEMBER, 1823.    rule to the present case, we consider that a formal plea of
payment was intended from the entry on the Record, and
this being a special allegation of new matter concludes with
a verification, and there could be no issue without a replica-
tion from the plaintiff.   No replication appears, and the de-
fendant's pleas remained uncontradicted. when the de-
fendant's cause was put to the Jury ; and consequently there
was no issue on which a verdict could be founded.   It is
true, if this plea of payment had informally concluded to
the country, and issue had been joined and a verdict render-
ed, it would have been sustained : for the defendant would
not have been permitted to take advantage of his own
mispleading ; and it would have been at the plaintiff's
election to demur, or join, in the informal issue tendered ;
but in this case it was the plaintiff's own fault that the cause
was put to the Jury without an issue.   To presume that
there was a replication would be to infer more from the
verdict than the majority of the Court feel authorized to do.

On the second assignment—that there were no parties
when the judgment was rendered.   The Record shews that
*James Jackson*, the original plaintiff, died pending the action,
and does not shew that *Sarah Pickering* was ever made a
party as his representative.   We all agree that no judgment
could be rendered until the proper parties had appeared.

As to the last assignment—that the cause was disconti-
nued.

The Record shews no proceedings or continuance for se-
veral years after the commencement of the suit, until *May*
term, 1821, when there was a continuance on the affidavit
of the defendant.   This, we conceive, was a waiver of the
former discontinuance by operation of law.   On the first
and second assignments of Error, the judgment must be re-
versed and the cause remanded.